UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WILFREDO GONZALEZ,

    Plaintiff,

v.

WAVEGUIDE COMMUNICATIONS, INC.,
JAMES SARAKINIS, MICHAEL DOWD,
and JERE HEIKKILA,

    Defendants.
_____/

## COMPLAINT

    Plaintiff Wilfredo Gonzalez sues Defendants Waveguide Communications, Inc., James Sarakinis, Michael Dowd, and Jere Heikkila, and alleges the following:

## JURISDICTION

    1.    This Court has original jurisdiction as certain of the claims are brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA") to recover unpaid minimum and overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

    2.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

    3.    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's breach of contract claim in that this claim is so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

    4.    This Court has personal jurisdiction because, among other things,

Defendants have operated, conducted, engaged in, or carried on a business or business venture in Florida, and Defendants have engaged in substantial and not isolated activity within Florida.  *See generally* Fla. Stat. § 48.193.

5.  Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because Defendants all reside in Florida, one or more of Defendants reside in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida.  The Fort Lauderdale Division is the proper division within the Southern District of Florida for this action.

## PARTIES

6.  Wilfredo Gonzalez ("Plaintiff") is a resident of Broward County, Florida.

7.  Waveguide Communications, Inc. ("Waveguide"), is a Florida for-profit corporation that has engaged in business in Florida with a principle place of business in Broward County, Florida.

8.  James Sarakinis ("Sarakinis") is an individual resident of the State of Florida.  Sarakinis is the President and CEO of Waveguide.  Sarakinis owns and operates Waveguide and regularly exercises the authority to:  (a) hire and fire employees of Waveguide; (b) determine the work schedules for the employees of Waveguide; and (c) control the finances and operations of Waveguide.

9.  Michael Dowd ("Dowd") is an individual resident of the State of Florida.  Dowd is the Vice President and Chief Operations Officer of Waveguide.  Dowd regularly exercised the authority to:  (a) hire and fire employees of Waveguide; (b) determine the work schedules for the employees of Waveguide; and (c) control the finances and operations of Waveguide.

10.  Jere Heikkila ("Heikkila") is an individual resident of the State of Florida.

Heikkila is the Operations Manager of the Marine Department at Waveguide. Heikkila regularly exercised the authority to: (a) hire and fire employees of Waveguide; (b) determine the work schedules for the employees of Waveguide; and (c) control the finances and operations of Waveguide. Heikkila, for example, was authorized to sign contracts for Waveguide, including contracts like that attached to this Complaint.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 206 and § 207 of the FLSA.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in 2013, 2014, 2015, and 2016.

17. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## **GENERAL ALLEGATIONS**

20. Defendants offer what they call "global, managed I.T. solutions." This involves, for example, selling cabling to customers and having what Defendants call their "staff" (like Plaintiff) to install those cables for the customers.

21. Defendants provide these goods and services by entering into contractual arrangements with customers. Some of these customers are located outside of the State of Florida. Indeed, Defendants identify themselves as serving customers' needs "in each of the markets we serve throughout the world." To enter into these contractual arrangements, Defendants use telephonic and other communication services (i.e., internet) going over state lines. Defendants likewise use telephonic and other communication services going over state lines to accept payment of funds under these contractual arrangements.

22. In addition, the work that Defendants contractually must perform sometimes requires sending products (i.e., the cabling) outside of the State of Florida. Moreover, the work that Defendants contractually must perform, that is to install the cabling, sometimes requires sending individuals like Plaintiff outside of the State of Florida to perform the required work.

23. Defendants hired Plaintiff to work as what Defendants termed a "technician." Some of the job duties performed by Plaintiff included and were not limited to termination of copper and fiber optic cabling, deployment and installation of network equipment, network cable testing, and other tasks.

24. Defendants attempted to classify Plaintiff as an independent contractor, but Plaintiff was not an independent contractor. Rather, Defendants purposely misclassified Plaintiff as an independent contractor to avoid the requirements of paying

minimum wage and overtime as well as avoid the requirements of providing benefits required by law. In reality, Plaintiff should have been classified as an employee.

25. Consistent with being an employee, Defendants exercised control as to the manner in which the work was to be performed. For example, Defendants required that Plaintiff adhere to "Behaviour/WGC Rules of Conduct." These rules including mandating that Plaintiff be clean-shaven and properly groomed at all times. Certain dress code requirements were imposed. If Plaintiff were to leave the work site, he had to first notify the office and get prior written approval. Plaintiff had to use forms provided by Defendants and otherwise follow instructions as provided to him by Defendants. Plaintiff had to do the work requested by Defendants, which Defendants could give or take away or not give at all to Plaintiff. Plaintiff was subjected to supervision by Defendants. Travel arrangements to out of state worksites had to be made through Defendants. In this regard, Defendants prohibited Plaintiff from making any deviations from previously arranged travel plans. If any deviations were required, then those deviations had to be approved in writing by Defendants.

26. Consistent with being an employee, Defendants controlled the major determinants of the amount of profit that Plaintiff could make. For example, Plaintiff's opportunities for profit were constrained by Defendants to the extent that Defendants, *first*, entered into contracts with customers, *second*, set the price the customers would be charged, and *third*, Defendants decided in the first instance to offer Plaintiff the opportunity to perform the work being provided to the customers. Moreover, Defendants bore all of the overhead costs, and by being primarily responsible for attracting customers by their decisions about marketing and pricing, Defendants had more of an impact on potential profits. In contrast, Plaintiff's costs were negligible and

really no different than what an employee would incur (i.e., clothing, cleaning of cloth, small tools, etc.). Likewise, although some of Plaintiff's work required traveling out of state, Defendants would incur those costs or otherwise reimburse Plaintiff for those costs. As such, Plaintiff did not have to invest or otherwise risk suffering a loss in regard to traveling to the work location or to perform work located outside the State of Florida.

27. Consistent with being an employee, Plaintiff's investment to perform the work (essentially, a few small tools and some clothing) was far exceeded by Defendants' investments considering that Defendants invested in virtually all of the equipment and materials needed to actually operate the business.

28. Consistent with being an employee, the relationship between Plaintiff and Defendant was long term. Plaintiff had worked for Defendants for over three years, as did other "technicians."

29. Consistent with being an employee, the type of services Plaintiff provided were an integral part of Defendants' business. As stated above, a part of Defendants' business was the sale and installation of cabling. Defendants charged customers for the cabling and then charged customers for the labor needed to install the cabling. The services Plaintiff provided were to install the very cabling Defendants sold to their customers as he was the very labor Defendants sold to their customers.

30. Plaintiff routinely worked in excess of forty hours per work week. Consistent with being an employee, Defendants would set the hours for work. In this regard, Defendants would require that Plaintiff work twelve hour shifts seven days a week (eighty-four hours a week) if Plaintiff was living at the work site. If Plaintiff was not living at the actual work location, then Defendants would require that Plaintiff work ten hour shifts six days a week (sixty hours a week). Defendants demanded that these

hours be worked "in their entirety in order to be paid."

31. From at least 2013 and continuing until May 20, 2016, Defendants failed to compensate Plaintiff for all hours worked. This includes and is not limited to compensating Plaintiff at the rate of at least minimum wage for hours worked up to forty in a work week and compensating Plaintiff at a rate of one-half times and one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a work week. Plaintiff should be compensated at minimum wage for those hours worked up to forty hours in a work week that were never paid by Defendants as required by the FLSA. Plaintiff should be compensated at the rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

32. Defendants have violated 29 U.S.C. § 206 and 29 U.S.C. § 207 from at least 2013, and continuing to date, in that:

    a. Plaintiff worked in excess of forty hours per work week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the minimum wage rate set by the FLSA, at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours worked in excess of forty hours per work week as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

33. Plaintiff has retained the undersigned law firms to represent Plaintiff in the litigation and has agreed to pay the firms a reasonable fee for their services. A consent to

sue for Plaintiff is attached as Exhibit 1.

## COUNT I:
## RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

34. Plaintiff restates and realleges paragraphs 1 through 33 as if fully set forth herein.

35. From at least 2013, and continuing through May 25, 2016, Defendants failed to compensate Plaintiff for all hours worked. This includes and is not limited to compensating Plaintiff at a rate of one-half times and one-and-one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in a work week.

36. Plaintiff was entitled to be paid at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty hours per week as required by the FLSA.

37. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

38. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one-half times and one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty hours in work week when they knew, or should have known, such was, and is due.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty hours per work week, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

42. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation for fewer hours than Plaintiff actually worked as well as the failure to pay overtime.

43. Based upon information and belief, the Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty or more hours in a work week, Defendants failed to properly pay Plaintiff, proper overtime wages at one-half and one-and-one half his regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants;

a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty hours per work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

d. Awarding Plaintiff pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

e. Ordering such other and further relief as the circumstances and law require and/or provide.

## COUNT II:
## RECOVERY OF MINIMUM WAGE COMPENSATION
## AGAINST ALL DEFENDANTS

44. Plaintiff restates and realleges paragraphs 1 through 33 as if fully set forth herein.

45. From at least 2013, and continuing through May 25, 2016, Defendants failed to compensate Plaintiff for all hours worked. This includes and is not limited to compensating Plaintiff at the statutory minimum wage rate as established by federal law for all hours worked up to forty hours in a work week.

46. For those hours worked up to forty hours in a work week but not paid by Defendants, Plaintiff was entitled to be paid at the statutory minimum wage rate of $7.25 as in effect from 2013 through 2016.

47. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

48. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory minimum wage rate for the hours worked up to forty hours per week when they knew, or should have known, such was, and is due.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked up to forty hours per week, plus liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

52. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation for fewer hours than Plaintiff actually worked.

53. Based upon information and belief, the Plaintiff was not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more hours in a work week, Defendants failed to properly pay Plaintiff, at least minimum wage compensation for such hours worked up to forty hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants;

a. Awarding Plaintiff minimum wage compensation in the amount due to him for Plaintiff's time worked up to forty hours per work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

d. Awarding Plaintiff pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

e. Ordering such other and further relief as the circumstances and law require and/or provide.

## COUNT III:
## BREACH OF CONTRACT AGAINST WAVEGUIDE

54.     Plaintiff restates and realleges paragraphs 1 through 33 as if fully set forth herein.

55.     Waveguide and Plaintiff entered into a written agreement, which Waveguide calls a "Contractor Agreement Form."  Attached as Exhibit 2 is a true and correct of the written agreement entered into between the parties.

56.     Waveguide agreed to pay Plaintiff no less than $30 per hour for services.  Waveguide materially breached the agreement because it has failed to pay Plaintiff the wages owed under the agreement.  In fact, although Waveguide included a provision in the agreement that it would pay Plaintiff at least at the rate of Florida's minimum wage (e.g., $8.05 per hour) even if Plaintiff should have violated the agreement (which Plaintiff did not), Waveguide has failed to pay Plaintiff this minimum wage hourly rate amount.

57.     Plaintiff has suffered damages as a result of Waveguide's material breach of the agreement.

58.     Although not required under the Agreement, Plaintiff sought to avoid this claim by addressing this breach with Waveguide.  Waveguide has failed to comply with its contractual obligations.  Accordingly, Plaintiff has been forced to file this action to recover his damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Waveguide;

a.     Awarding Plaintiff damages for his unpaid wages;

b.     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the

litigation pursuant to Fla. Stat. § 448.08, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54;

    c.    Awarding Plaintiff pre-judgment interest and post-judgment interest; and

    d.    Ordering such other and further relief as the circumstances and law require and/or provide.

## JURY DEMAND

Plaintiff demands a jury trial for all issues so triable.

Dated: July 11, 2016

Respectfully submitted,

s/Brian L. Lerner
Brian L. Lerner (Fla. Bar No. 177202)
blerner@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, Florida 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
Attorneys for Plaintiff

and

John P. Salas (Fla. Bar No. 87593)
jp@jpsalaslaw.com
Salas Law Firm, P.A.
8551 West Sunrise Boulevard
Suite 300
Plantation, Florida 33322
Telephone: (954) 315-1155
Facsimile: (954) 452-3311
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

                                                s/Brian L. Lerner

## SERVICE LIST

| | |
|---|---|
| John P. Salas<br>jp@jpsalaslaw.com<br>Salas Law Firm, P.A.<br>8551 West Sunrise Boulevard<br>Suite 300<br>Plantation, Florida 33322<br>Telephone:   (954) 315-1155<br>Facsimile:    (954) 452-3311<br>Attorneys for Plaintiff<br><br>Via Transmission of Notices of<br>Electronic Filing Generated by CM/ECF<br><br>Brian L. Lerner<br>blerner@kvllaw.com<br>Kim Vaughan Lerner LLP<br>One Financial Plaza<br>100 SE Third Avenue, Suite 2001<br>Fort Lauderdale, Florida 33394<br>Telephone:   (954) 527-1115<br>Facsimile:    (954) 527-1116<br>Attorneys for Plaintiff<br><br>Via Transmission of Notices of<br>Electronic Filing Generated by CM/ECF | Waveguide Communications, Inc.<br>Defendant<br><br>Via Original Service of Process<br><br>James Sarakinis<br>Defendant<br><br>Via Original Service of Process<br>Michael Dowd<br>Defendant<br><br>Via Original Service of Process<br><br>Jere Heikkila<br>Defendant<br><br>Via Original Service of Process |