UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-61633-Valle

WILFREDO GONZALEZ,

    Plaintiff,

v.                                          **CONSENT CASE**

WAVEGUIDE COMMUNICATIONS, INC.,
JAMES SARAKINIS, MICHAEL DOWD,
and JERE HEIKKILA,

    Defendants.

_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE
AND FOR SETTLEMENT APPROVAL**

    Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly stipulate to the dismissal with prejudice of this action and request approval of their settlement, as follows:

    1.    Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay him alleged unpaid minimum wages and overtime compensation.

    2.    Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever.  The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.  Such disputes include (a) whether the Plaintiff was an employee or independent contractor; (b) whether the Plaintiff was employed in a position which was exempt from overtime pursuant to the FLSA; and (c) whether certain weeks in which the Plaintiff worked overtime were not covered by the FLSA under the foreign workplace exemption contained in 29 U.S.C. § 213(f).

3. Through negotiations between their respective counsel, the parties have now reached a settlement.

4. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354. Therefore, the Eleventh Circuit reasoned, when a party is represented by counsel it is likely there is a reasonable compromise and the agreement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

5. The parties request that the Court review and approve their settlement and they stipulate to the dismissal of this action with prejudice. The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

6. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

7. The parties request that they be permitted to submit their settlement agreement to the Court via email for an *in camera* review.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Respectfully submitted this  18th  day of November, 2016.

| | |
|---|---|
| KIM VAUGHAN LERNER LLP<br>Counsel for Plaintiff<br>One Financial Plaza, Suite 2001<br>Ft. Lauderdale, FL 33394<br>Tel:   (954) 527-1115<br>Fax:  (954) 527-1116 | SHAPIRO, BLASI, WASSERMAN &<br>HERMANN, P.A.<br>Counsel for Defendants<br>7777 Glades Road, Suite 400<br>Boca Raton, FL  33434<br>Tel:   (561) 477-7800<br>Fax:  (561) 477-7722 |
| By: *s/ Brian L. Lerner*[1]<br>     Brian L. Lerner, Esq.<br>     Florida Bar No. 177202<br>     E-Mail: blerner@kvllaw.com | By: *s/ Robin I. Frank*<br>     Robin I. Frank, Esq.<br>     Florida Bar No. 0649619<br>     E-Mail: rifrank@sbwlawfirm.com |

---

[1] Plaintiff's counsel has agreed to Robin I. Frank being responsible for the filing of this joint stipulation.

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Robin I. Frank*
ROBIN I. FRANK, ESQ.

## SERVICE LIST

*Wilfredo Gonzalez v. Waveguide Communications, Inc., et al.*
Case No. 0:16-cv-61633-BB (Bloom/Valle)
United States District Court, Southern District of Florida

| | |
|---|---|
| Brian L. Lerner, Esq.<br>E-Mail: blerner@kvllaw.com<br>Kim Vaughan Lerner LLP<br>One Financial Plaza, Suite 2001<br>Ft. Lauderdale, FL 33394<br>Tel:   (954) 527-1115<br>Fax:   (954) 527-1116<br>Counsel for Plaintiff<br>*Via CM/ECF* | Robin I. Frank, Esq.<br>E-Mail: rifrank@sbwlawfirm.com<br>Shapiro, Blasi, Wasserman & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel:   (561) 477-7800<br>Fax:   (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |
| John P. Salas, Esq.<br>E-Mail: jp@jpsalaslaw.com<br>Salas Law Firm, P.A.<br>8551 W. Sunrise Blvd., Suite 300<br>Plantation, FL 33322<br>Tel:   (954) 315-1155<br>Fax:   (954) 452-3311<br>Co-Counsel for Plaintiff<br>*Via CM/ECF* | |